IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shawn T. Nelson, | ) | C/A No.: 1:11-69-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Orangeburg County Detention Center; | ) | |
| Orangeburg County Detention Medical | ) | |
| Staff; Ofc. Felder; Ofc. M. Aiken; Ofc. | ) | |
| King; Ofc. Canty; Ofc. Murray;  Ofc. S. | ) | |
| James; Chief H. James; Sgt. W. Woods; | ) | |
| Ofc. T. Williams; Capt. McClutches, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Shawn T. Nelson, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Orangeburg County Detention Center ("OCDC") and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to dismissal). For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process as to defendants OCDC and the OCDC Medical Staff.  Service of the complaint is directed for the

remaining defendants in an order filed contemporaneously with this Report and Recommendation.

I.      Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

II.     Discussion

Plaintiff alleges he was assaulted by another inmate on June 24, 2010. Plaintiff indicates that there were no correctional officers in the pod when the attack occurred, but that the officers "ran back in the pod" subsequent to the incident. Compl. at 3 [Entry #1]. Plaintiff states he was denied "any kind of shot" and indicates that he "was the only one who got mace." *Id.* Plaintiff seeks injunctive relief and money damages. *Id.* at 4.

Palintiff's complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As indicated above, it is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." Courts

have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See McCray v. Berkeley County Detention Center*, C/A No. 1:10-1615-RMG-SVH, 2010 WL 4237432 (D.S.C. Aug. 26, 2010) (Berkeley County Detention Center is not a person, and therefore not amenable to suit under 42 U.S.C. § 1983). The OCDC is not a "person" subject to suit under 42 U.S.C. § 1983. Thus, Plaintiff's complaint fails to state a claim against OCDC for which this court may grant relief under § 1983 and it is recommended that it be summarily dismissed.

Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a person as required in § 1983 actions. *See Pitt v. Perry Correctional Institution Medical Staff*, C/A No. 0:09-1000-MBS, 2011 WL 703946 at *1 (D.S.C. Feb. 22, 2011) (finding that the use of the term "staff" was inadequate to state a claim against a person under § 1983). Thus, it is recommended that ODCD Medical Staff be summarily dismissed from this case.

III.    Conclusion

Accordingly, it is recommended that the district judge dismiss defendants Orangeburg County Detention Center and Orangeburg County Detention Medical Staff without prejudice and without issuance and service of process. Process shall issue for service on the remaining Defendants.

IT IS SO RECOMMENDED.

*[signature]*

April 19, 2011  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**