IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shawn T. Nelson, | ) | C/A No.: 1:11-69-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| | ) | |
| Orangeburg County Detention Center; | ) | |
| Orangeburg County Detention Medical Staff; | ) | |
| Ofc. Felder; Ofc. M. Aiken; Ofc. King; | ) | |
| Ofc. Canty; Ofc. Murray; Ofc. S. James; | ) | |
| Chief H. James; Sgt. W. Woods; Ofc. T. | ) | |
| Williams; Capt. McClutches, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Shawn T. Nelson, brings this action pursuant to 42 U.S.C. § 1983 seeking injunctive relief and money damages as the result of an assault that occurred on him while he was an inmate at the Orangeburg County Detention Center.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the court should summarily dismiss defendants Orangeburg County Detention Center (OCDC) and the OCDC Medical Center from this action. The Magistrate Judge also directs service of the complaint on the remaining

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

defendants. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to submit objections to the Report and Recommendation. In a one-page objection memorandum, the plaintiff concedes that defendants OCDC and the OCDC Medical Center are not "persons," but states that he "fail[s] to understand that I'm in the custody of their care." The court finds this objection without merit.

The Magistrate Judge properly discerns that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." OCDC and the OCDC Medical Center are not "persons" within the meaning of 42 U.S.C. § 1983. An inanimate object such as a building, facility, and grounds do not act under color of state law and cannot be a person for purposes of a § 1983 damages action. Likewise, use of the term "staff" or the equivalent, without a specific named staff member, is not adequate to state a claim against a person under §1983.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process as to only defendants Orangeburg County Detention Center (OCDC) and the OCDC Medical Center.

This case shall be returned to the Magistrate Judge for further proceedings consistent with the service of process on the remaining defendants.

IT IS SO ORDERED.

July 11, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

3