IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Shawn T. Nelson,              )      C/A No.: 1:11-69-JFA-SVH
                         )
          Plaintiff,    )
                         )
vs.                   )
                         )      REPORT AND RECOMMENDATION
                         )
Ofc. Felder; Ofc. M. Aiken; Ofc. King;  )
Ofc. Canty; Ofc. Murray; Ofc. S. James;  )
Chief H. James; Sgt. W. Woods; Ofc. T.  )
Williams; Capt. McClutches,       )
                         )
         Defendants.   )
_____)

     Plaintiff, proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment on August 26, 2011. [Entry #51]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d) (D.S.C.). Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

     As Plaintiff is proceeding *pro se*, the court entered an order on August 26, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of a motion for summary judgment and of the need for him to file an adequate response. [Entry #52]. Plaintiff was specifically advised that if he failed to respond adequately, Defendants' motion may be granted, thereby ending this case. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff has failed to respond to the motion.

By order dated September 30, 2011, the court then ordered Plaintiff to advise the court as to whether he wishes to continue with this case and to file a response to Defendants' motion for summary judgment by October 14, 2011. [Entry #55]. The court further advised Plaintiff that if he failed to respond, this action will be recommended for dismissal with prejudice for failure to prosecute. On October 3, 2011, Plaintiff requested an extension and noted that he had been transferred to a new facility, Kirklan Correctional Institution ("KCI"). [Entry #58]. On October 4, 2011, the court extended the deadline for Plaintiff's response until November 1, 2011 and again noted that if he failed to respond, this action will be recommended for dismissal with prejudice for failure to prosecute. [Entry #60].  The order was mailed to Plaintiff's new address at KCI. [Entry #61].

The October 4, 2011 order extending Plaintiff's deadline was returned to the Clerk of Court's office via United States Postal Service on October 11, 2011, marked "Return to Sender." [Entry #62].  Plaintiff was previously directed by order of this court to keep the court apprised of any change in address:

> You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 2317, Florence, South Carolina 29503**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

2

> Put this Order with your own record of this case so that you will not overlook your duty. If your address changes in the future, you must provide the Court with your *own* new address.

[Entry #11] (emphasis in original). Plaintiff has failed to comply with this order, and as a result, neither the court nor the Defendants has any means of contacting him concerning his case. No response has been filed by Plaintiff to Defendants' motion for summary judgment.

Based on the foregoing, and the previous instructions and specific warning given to Plaintiff in the court's prior orders, it is recommended that this action be dismissed with prejudice, in accordance with Fed. R. Civ. P. 41(b). The Clerk is directed to send this Report and Recommendation to Plaintiff at his last known address.

IT IS SO RECOMMENDED.

November 2, 2011                        Shiva V. Hodges
Florence, South Carolina               United States Magistrate Judge